975 F.2d 869
 24 U.S.P.Q.2d 1393
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Herman DOUGLAS, Sr., Plaintiff-Appellant,
v.
KIMBERLY-CLARK CORPORATION, Defendant-Appellee.
 No. 92-1198.
 United States Court of Appeals, Federal Circuit.
 July 15, 1992.
 
 Before MAYER, MICHEL and LOURIE, Circuit Judges.
 LOURIE, Circuit Judge.
 
 DECISION
 
 1
 Herman Douglas, Sr., appeals from the January 13, 1992 order of the United States District Court for the Eastern District of Pennsylvania, granting the motion for summary judgment of Kimberly-Clark Corporation, No. 91-2599. The district court held that Douglas' U.S. Patent 4,909,804 was invalid under 35 U.S.C. § 102(b) because the invention was on sale in this country more than one year prior to the date of the application. We affirm.
 
 DISCUSSION
 
 2
 The '804 patent, entitled "Child's Toilet Training Pants," issued to Douglas on March 20, 1990. Kimberly-Clark manufactures a product called "Huggies Pull-Ups," which Douglas claims infringes his patent. In a collateral proceeding, the district court held that the earliest filing date that the '804 patent can receive is April 28, 1986. Douglas v. Manbeck, No. 91-3122 (E.D.Pa. November 7, 1991). Douglas had filed prior applications, Serial Nos. 168,264 and 261,971, which had become abandoned and for which he had filed unsuccessful petitions to revive. During the proceedings to revive the earlier applications, Douglas stated that by July 1980 "we convinced the management of Fiore's ... to carry my combination training pant/diaper garment in their store." Douglas also stated that he had made sales to several other stores and had advertised his product in the Philadelphia area.
 
 
 3
 A motion for summary judgment is properly granted when the movant has demonstrated that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). We review these questions de novo. Avia Group Int'l Inc. v. L.A. Gear Cal., Inc., 853 F.2d 1557, 1561, 7 USPQ2d 1548, 1551 (Fed.Cir.1988). A patent may be invalid if the claimed invention was "in public use or on sale in this country more than one year prior to the date of the application for patent in the United States." 35 U.S.C. § 102(b). Summary judgment is appropriate where the movant has established that the claimed invention was "on sale" and the patentee has failed to provide evidence that the sales of his invention were for experimental purposes. See Barmag Barmer Maschinenfabrik AG v. Murata Machinery, Ltd., 731 F.2d 831, 221 USPQ 561 (Fed.Cir.1984).
 
 During prosecution, Douglas admitted
 
 4
 that if the petition to revive Serial Nos. 168,264 and 261,971 are denied and the instant application is restricted to its April 28, 1986 filing date a patent for this invention will be barred as a result of sale of the subject matter for which a patent is sought more than one year before the April 28, 1986 filing date.
 
 
 5
 Additionally, in support of his memorandum to deny Kimberly-Clark's motion for summary judgment, Douglas admitted that an on sale bar existed, but would be foreclosed if Douglas succeeded in establishing a bloodline to the abandoned '971 application. Given our disposition in Douglas v. Manbeck, Appeal No. 92-1190 (Fed.Cir. July 15, 1992), the '971 application remains abandoned and the '804 patent cannot receive the earlier filing date. We accept that the evidence shows that the claimed invention was on sale more than one year prior to the filing date of the application.
 
 
 6
 Douglas argues that the experimental use exception applies and that the products that were on sale were not the same as the claimed invention. However, on review, we find nothing in the record before us to support Douglas' allegations. Douglas had the burden of producing evidence that a genuine issue of material fact was in dispute. See Barmag, 731 F.2d at 835-36, 221 USPQ at 564. Mere allegations, standing alone, are not enough to preclude the grant of summary judgment. See Fed.R.Civ.P. 56(e).
 
 
 7
 We have considered Douglas' other arguments and find them to be without merit.